692 So.2d 1303 (1997)
Jerry CASTILLE, Phyllis Castille, individually and as Administrator of the Estates of their minor children, Skeet David Castille, Kimberley Ann Castille, and Drake Anthony Castille, Plaintiffs-Appellants,
v.
OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, Frank Comella, Annette Vallier, Defendants-Appellees.
No. 96-1476.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
*1304 Bruce Alan Thompson, Pitkin, Nick C.E. LeBleu, Greg Dumas, Richard E. Turkel, Orange, TX, for Jerry Castille, et al.
Joel Edward Gooch, Lafayette, for Patients' Compensation Fund.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
DOUCET, Chief Judge.
The plaintiffs appeal the dismissal of their claim against the Patient's Compensation Fund (PCF) pursuant to a Motion for Summary Judgment.
On June 4, 1991, Jerry Castille was a patient at Our Lady of Lourdes Regional Medical Center (OLOL) in Lafayette, Louisiana. He was being treated for cervical injuries sustained in an automobile accident. Castille was lying in a bed manufactured by Kinetic Concepts, Inc., attended by Frank Comella and Annette Vallier, both employees of OLOL, when the bed suddenly rotated. Castille fell on the floor.
As a result of the accident, Castille filed this suit asking for damages for injuries allegedly sustained in the fall. On November 6, 1995, plaintiffs and defendants filed joint petitions for court approval of partial settlements of the plaintiffs' claims. The claim was settled for $75,000 from each OLOL and the bed manufacturer. The proposed settlement was approved by the court by judgment rendered that same day. The judgment contained a reservation of the plaintiffs' rights against the PCF. Also on that day, the plaintiffs amended their original petition for damages to name the PCF as a defendant.
In response to the amended petition, the PCF filed a peremptory exception of no cause of action. In that exception the PCF asserted that the amended petition did not disclose a cause of action against it. In December 1995, judgments were rendered dismissing all defendants except the PCF from the litigation and reserving plaintiffs' rights against the PCF. On March 25, 1996, the plaintiffs again amended their petition adding, among others, an allegation that:
4.
The PATIENT'S COMPENSATION FUND, made a defendant herein, is given notice of partial settlement with the above defendants and the continuation of this action against the PATIENT'S COMPENSATION FUND for excess sums and may be served on the Patient's Compensation Fund, Post Office Box 3718, Baton Rouge, Louisiana 70821, Attention: Ms. Lynn Dusynski, Claims Examiner.
In response to this amendment, the PCF filed a motion for summary judgment, alleging that no genuine issue of fact remained but that the plaintiffs had failed to comply with the procedures set out in La. R.S. 40:1299.44(C) and were therefore not entitled to collect excess damages from the PCF. The trial court granted the motion and dismissed the plaintiffs' claims against the PCF. The plaintiffs appeal.
*1305 On appeal, the plaintiffs assert that, since the settlement with OLOL, the only "qualified health care provider" with whom a settlement was reached, was less than $100,000, the provisions of La.R.S. 40:1299.42 sets out the proper procedure for notifying the PCF of its intention to seek excess damages. La.R.S. 40:1299.44, the plaintiffs assert, applies only to settlement of $100,000 or more. The question before us, therefore, is whether the procedures laid out in La.R.S. 40:1299.44 apply to all settlements or only to those of $100,000 or over and, if so, whether the plaintiffs herein complied with that procedure. The PCF argues that, in Horil v. Scheinhorn, 95-0967 (La.11/27/95); 663 So.2d 697, the supreme court held that the provisions of La.R.S. 40:1299.44 must be applied to all attempts to obtain excess damages from the PCF.
The court in Horil stated that:
In the case sub judice, by viewing Horil's 1985 settlement as not then implicating the Fund and as being narrowly controlled by La.R.S. 40:1299.42(D)(5), the court of appeal disregarded the special requirements of La.R.S. 40:1299.44(C). In instances where the claimant expects to ultimately recover from the Fund despite his settlement of the provider's liability, this latter statutory provision mandates the procedure that the claimant must closely follow. In the present matter, at the time of seeking court approval of his settlement with the named defendants, Horil obviously sought to reserve his right to further recovery from the Fund. In such circumstances, La.R.S. 40:1299.42(D)(5) does not license a separate settlement vehicle. Instead, it is clear that the specifics of La. R.S. 40:1299.44(C) govern.

Id. at 700. (Footnote omitted.)
It is clear from this language that the supreme court intended that the provisions of La.R.S. 40:1299.44(C) be applied to all cases in which a claimant intends to pursue excess damages from the PCF.
La.R.S. 40:1299.44(C) provides that:
C. If the insurer of a health care provider or a self-insured health care provider has agreed to settle its liability on a claim against its insured and claimant is demanding an amount in excess thereof from the patient's compensation fund for a complete and final release, then the following procedure must be followed:
(1) A petition shall be filed by the claimant with the court in which the action is pending against the health care provider, if none is pending in the parish where plaintiff or defendant is domiciled seeking (a) approval of an agreed settlement, if any, and/or (b) demanding payment of damages from the patient's compensation fund.
(2) A copy of the petition shall be served on the board, the health care provider and his insurer, at least ten days before filing and shall contain sufficient information to inform the other parties about the nature of the claim and the additional amount demanded.
(3) The board and the insurer of the health care provider or the self-insured health care provider as the case may be, may agree to a settlement with the claimant from the patient's compensation fund, or the board and the insurer of the health care provider or the self-insured health care provider as the case may be, may file written objections to the payment of the amount demanded. The agreement or objections to the payment demanded shall be filed within twenty days after the petition is filed.
(4) As soon as practicable after the petition is filed in the court the judge shall fix the date on which the petition seeking approval of the agreed settlement and/or demanding payment of damages from the fund shall be heard, and shall notify the claimant, the insurer of the health care provider or the self-insured health care provider as the case may be, and the board thereof as provided by law.
(5) At the hearing the board, the claimant, and the insurer of the health care provider or the self-insured health care provider as the case may be, may introduce relevant evidence to enable the court to determine whether or not the petition should be approved if it is submitted on agreement without objections. If the board, the insurer of the health care provider or the self-insured health care provider *1306 as the case may be, and the claimant cannot agree on the amount, if any, to be paid out of the patient's compensation fund, then the court shall determine the amount of claimant's damages, if any, in excess of the amount already paid by the insurer of the health care provider. The court shall determine the amount for which the fund is liable and render a finding and judgment accordingly. In approving a settlement or determining the amount, if any, to be paid from the patient's compensation fund, the court shall consider the liability of the health care provider as admitted and established where the insurer has paid its policy limits of one hundred thousand dollars, or where the self-insured health care provider has paid one hundred thousand dollars.
(6) Any settlement approved by the court shall not be appealed. Any judgment of the court fixing damages recoverable in any such contested proceeding shall be appealable pursuant to the rules governing appeals in any other civil court case tried by the court.
(7) For the benefit of both the insured and the patient's compensation fund, the insurer of the health provider shall exercise good faith and reasonable care both in evaluating the plaintiff's claim and in considering and acting upon settlement thereof. A self-insured health care provider shall, for the benefit of the patient's compensation fund, also exercise good faith and reasonable care both in evaluating the plaintiff's claim and in considering and acting upon settlement thereof.
(8) The parties may agree that any amounts due from the patient's compensation fund pursuant to R.S. 40:1299.44(B) be paid by annuity contract purchased by the patient's compensation fund for and on behalf of the claimant.
These provisions require that the board be served with a copy of the petition for approval of a settlement including any demand for payment of excess damages from the fund, and that the PCF be given an opportunity to introduce evidence at the hearing on that petition. In this case, the PCF was not given notice prior to the hearing on the settlement and was not given an opportunity to present evidence with regard to the demand for excess damages. As the supreme court stated in Horil, 95-0967 (La.11/27/95); 663 So.2d 697, there is no provision for a separate settlement vehicle. The plaintiffs herein did not comply with the provisions of La.R.S. 40:1299.44(C). As a result, under the holding of Horil, 95-0967; 663 So.2d 697, the trial court correctly dismissed the plaintiffs claims against the PCF.
Consequently, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiffs/appellants.
AFFIRMED.