794 So.2d 124 (2001)
Donald PATTY, Plaintiff-Respondent,
v.
CHRISTUS HEALTH NORTHERN LOUISIANA d/b/a Christus Schumpert, Defendant-Applicant.
No. 34,871-CW.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
Soileau & Garcie by Charles D. Soileau, Many, Counsel for Respondent, Donald Patty.
Georgia P. Kosmitis, Shreveport, Counsel for Respondent, Roy C. Collins.
Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, Counsel for Defendant-Applicants.
Before BROWN, STEWART and GASKINS, JJ.
BROWN, J.
We granted writs in this and another medical malpractice case (Collins v. Sisters of Charity of Incarnate Word, 34,897 (La. App.2d Cir.08/22/01), 794 So.2d 127, to review a legal issue common to both: whether the mailing of a request to the Patient's Compensation Fund Oversight Board ("the Board"), seeking review of a medical malpractice claim against a private healthcare *125 provider, constitutes the filing of a request for review with the Division of Administration so as to suspend the running of prescription. For the reasons set forth below, we find that it does and affirm the district court's judgment denying an exception of prescription filed by defendant, Christus Schumpert Health System ("Christus Schumpert").[1]

Factual Background
In this case, plaintiffs attorney mailed a request for review to Cheryl Jackson, Director of the Patient's Compensation Fund within the prescriptive period. Thereafter, the claim was reviewed by a medical review panel and a decision was rendered in favor of defendant, Christus Schumpert. Following the medical review panel's decision, a malpractice lawsuit was filed. Defendant filed an exception urging that prescription had not been suspended by mailing the request for a medical review panel or by the consideration and decision of such a panel because the request was not first filed with the Division of Administration as required by La.R.S. 40:1299.47(A)(2)(a), but with the Board. After considering the arguments of the parties, the district court denied the exception. The instant writ application filed by defendant was granted.

Discussion
To resolve this issue, we turn to the applicable statutory provisions.
La.R.S. 9:5628(A) provides in part:
No action for damages for injury or death against any ... hospital ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed... within one year from the date of discovery of the alleged act, omission or neglect ...
La.R.S. 40:1299.47(A)(2)(a) provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the Division of Administration shall not suspend or interrupt the running of prescription. (Emphasis added).
The last sentence of La.R.S. 40:1299.47(A)(2)(a) clearly states that prescription is not suspended or interrupted unless the request for review is filed with the Division of Administration. Notably, however, this section does not specify the *126 procedure for filing a request for review with the Division of Administration. Instead, La .R.S. 40:1299.47(A)(2)(b) details such a process:
The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail. (Emphasis added).
"The board" referred to in the above provision is the Patient's Compensation Fund Oversight Board created in La.R.S. 40:1299.44(D). See La.R.S. 40:1299.41(A)(5).
Clearly, the legislature intended that a request for review be filed with the Division of Administration rather than with the Board as a wholly separate entity. A review of the legislative history shows that the original wording of Act 664 of 1997 specifically directed that requests for review be filed with the PCF (the Board), but a Senate floor amendment changed the filing agency from the PCF to the Division of Administration. Focusing solely upon this change, it can be argued that the legislature intended that claims be filed with the Division of Administration instead of the Board; however, reading the change together with the next provision reasonably leads to the conclusion that the legislature intended that claims be filed with the Division of Administration through the Board. Although the intent behind the language change is not clear, it may be that while the legislature wanted all malpractice claims, those against private health care providers as well as state providers, to be filed "with" the Division of Administration for purposes of suspending or interrupting prescription, the legislature desired the filing to be physically accomplished by sending the claims directly to those charged with the responsibility for processing them. In the case of claims against state health care providers, this is the Commissioner of Administration. La. R.S. 40:1299.39.1(A)(3). In the case of private health care providers, this is the Board. La.R.S. 40:1299.47(A)(3).
This interpretation of the statutory language does not lead to absurd results, but harmonizes the provisions of Subsection (A)(2)(a) with those of Subsection (A)(2)(b) of La.R.S. 40:1299.47. Furthermore, filing a request for review by sending it directly to the Board makes practical sense considering that the Board is charged with the duty of acting upon the claim within 15 days of receipt. La.R.S. 40:1299.47(A)(3). Finally, we note that nothing in the law suggests that the Board is so unconnected with the Division of Administration that it cannot reasonably be deemed to act on behalf of the Division of Administration in receiving requests for review.[2]
We therefore conclude that when a request for review of a malpractice claim is *127 received by or mailed either to the Board in accordance with La.R.S. 40:1299.47(A)(2)(b) or the Commissioner of Administration, the request for review is deemed filed with the Division of Administration as required by Subsection (A)(2)(a) for purposes of suspension or interruption of prescription on the malpractice claim. Accordingly, we affirm the district court's interlocutory judgment denying defendant's exception of prescription.[3]

Conclusion
For the reasons set forth above, the judgment of the district court denying defendant's exception of prescription is AFFIRMED.
Costs are assessed to defendant-applicant, Christus Schumpert.
NOTES
[1] Christus Schumpert is the defendant in both malpractice actions.
[2] For example, the Office of Risk Management of the Division of Administration appoints legal counsel for the PCF and establishes the minimum qualifications and standards for attorneys who may be appointed to defend professional liability cases. La.R.S. 40:1299.41(J). Furthermore, the Board contracts with the Office of Risk Management, Division of Administration, for services relating to professional liability suits against the PCF or its employees in the performance of their duties, including the handling, evaluating and settling of claims, the defense of the fund and the establishment of reserves. La.R.S. 40:1299.44(A)(5)(c). See also La.R.S. 40:1299.47, which discusses the connection between the Board and the Division of Administration through the Risk Manager of the Residual Malpractice Insurance Authority.
[3] Were we to read the provisions as giving different instructions for filing claims, we would conclude that the confusion resulting from the internal inconsistencies would allow filing with either the Board or Division of Administration to suspend or interrupt prescription. Otherwise, a claimant who timely filed a request for review with the Board could go through the entire medical review panel process only to find that his or her claim had prescribed in the interim.

In this case, the claim was presented to and considered by a medical review panel and the panel rendered an opinion favorable to defendant. In contrast, in Davis v. Willis-Knighton Medical Center, 32,193 (La.App.2d Cir.08/18/99), 738 So.2d 1191, writ denied, 99-2712 (La.12/10/99), 751 So.2d 254, plaintiff's counsel mailed a petition to the Board, only to have the petition held until prescription had lapsed and then returned by the Board with a notation that the 1997 amendment to La.R.S. 40:1299.47(A)(2) required that all requests for review of a medical malpractice claim be filed with the Division of Administration. On appeal, this court held that the 1997 amendment could not be applied retroactively to bar the medical malpractice claim. Apparently the Board changed its policy of returning claims sent to it after the 1997 amendment and began filing and processing these claims. While our decision in Davis did not consider the issue presented in this case, i.e. whether the Board acts as an agency on behalf of the Division of Administration rather than as an agency other than the Division of Administration, the result reached in Davis is the same one we would reach under the statutory interpretation applied in this case.