795 So.2d 1232 (2001)
Gloria HOLMES, Plaintiff-Appellant,
v.
Van LEE d/b/a Lee's City Drugs, Defendant-Appellee.
No. 35,021-CA.
Court of Appeal of Louisiana, Second Circuit.
September 28, 2001.
*1234 Louis G. Scott, Counsel for Appellant.
Theus, Grisham, Davis & Leigh, by David H. Nelson, Monroe, Counsel for Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
DREW, Judge.
Gloria Holmes appeals a judgment dismissing her tort action against Van Lee d/b/a Lee's City Drugs as prescribed. For the following reasons, we reverse.

FACTS
According to Ms. Holmes' petition, on September 3, 1998, she went to Lee's City Drugs to fill a prescription from her doctor. Instead of the medicine prescribed by the doctor, the pharmacy gave Ms. Holmes the drug Amitriptyline. Ms. Holmes' petition alleges that she did not discover this error for "over two months" and that the Amitriptyline severely aggravated her preexisting condition and, among other things, caused her to suffer from memory loss, depression and erratic and bizarre behavior.
On September 2, 1999, Ms. Holmes' attorney mailed a request seeking to impanel a medical review panel. On October 5, 1999, Cheryl Jackson, malpractice insurance director with the Patient's Compensation Fund ("PCF"), wrote to Ms. Holmes' attorney and informed him that:
None of the defendants named in the petition have coverage in the Patients' Compensation Fund under the provisions of Louisiana Revised Statutes 40:1299.41 et seq.
Ms. Holmes filed suit against Lee on November 15, 1999. Lee responded with an exception of prescription supported by patient notes from the Bastrop Mental Health Clinic dated September 24, 1998, which state in part:
She brought w/ her a bottle of amytriptyline... Lee drug store called and apparently they have made a mistake giving her amytriptyline instead of [illegible]....
Ms. Holmes countered that her filing of the complaint with the PCF on September 2, 1999 served to suspend prescription and that her petition was filed within the window provided by the Medical Malpractice Act.
On July 6, 2000, the trial court conducted a hearing on the exception. Lee testified that he learned in late September 1998 that the pharmacy had incorrectly filled Ms. Holmes' prescription with amytriptyline on September 23, 1998, and that his employee Virginia Johnson called Ms. Holmes and explained the error. Lee also testified that Ms. Holmes returned to the pharmacy on October 23, 1998 and that he correctly filled her prescriptions on that date. Virginia Johnson, a clerk at the drugstore, testified that she telephoned Ms. Holmes in September 1998 to explain the pharmacy's error and Lee's offer to pay Ms. Holmes' prescription co-pay from that point forward. Lee introduced a record of the medications he had dispensed to Ms. Holmes, and the record contains three entries from October 23, 1998. Lee also introduced a sales ticket from that date that refers to three prescription numbers and their prices.
The trial court granted Lee's exception of prescription and dismissed Ms. Holmes' lawsuit. Ms. Holmes now appeals.

*1235 DISCUSSION
At the outset, we note that pharmacists are not listed among those health care providers covered by the special medical malpractice prescription statute, La. R.S. 9:5628. As a delictual action, Ms. Holmes' lawsuit is subject to liberative prescription of one year from the day that injury or damage is sustained. La. C.C. art. 3492. Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff relies upon a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Burdeaux v. Cline, 626 So.2d 1205 (La. App. 2d Cir.1993), writ denied, 93-3132 (La.2/11/94), 634 So.2d 833.
The evidence presented by the pharmacy, particularly the note from the health clinic, conclusively establishes that Ms. Holmes knew of the error by September 24, 1998. Because she did not file her petition in the district court until November 15, 1999, her lawsuit is prescribed on its face and she bears the burden of proving that her action was filed timely.
Ms. Holmes urges that the filing of her claim by request for a medical review panel within one year of the incorrect filling of her prescription, September 3, 1998, or of the alleged date of discovery, September 24, 1998, served to suspend the prescriptive period.
La. R.S. 40:1299.41 provides, in relevant part:
A. As used in this Part:
(1) "Health care provider" means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed by this state to provide health care or professional services as a ... pharmacist....
* * * * *
D. A health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part. If a health care provider does not so qualify, the patient's remedy will not be affected by the terms and provisions of this Part, except as hereinafter provided with respect to the suspension and the running of prescription of actions against a health care provider who has not qualified under this Part when a claim has been filed against the health care provider for review under this Part.
* * * * *
Emphasis added.
Because pharmacists are listed as health care providers in this statute, an action against a pharmacist concerning an alleged incorrect filling of a prescriptiona provision of professional servicesis subject to the Medical Malpractice Act. Ms. Holmes was accordingly required to follow the formalities of the Medical Malpractice Act before filing suit in district court. LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226.
La. R.S. 40:1299.47 provides, in pertinent part:
A. (1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. (2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney *1236 of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part....
* * * * *
Our emphasis.
The record reflects that the PCF notified Ms. Holmes by letter dated October 5, 1999 that Lee did not have coverage under the PCF; there is no indication when she received this letter. As noted, Ms. Holmes filed suit in the district court on November 15, 1999, which was less than 60 days after the date of the letter stating that Lee was not a qualified health-care provider. According to La. R.S. 40:1299.47(A)(2)(a), the prescriptive period was suspended until December 1999, so Ms. Holmes' lawsuit was timely.
Lee's counsel points out in his brief that the petition named Van Lee d/b/a Lee's City Drugs as defendant, not Van Lee as an individual, and that "the application to the PCF ... was made based on the malpractice of Van Lee, in the name of Van Lee, and not Van Lee doing business as Lee's City Drugs." Lee contends that because drugstores are not health-care providers under the Malpractice Act, the request for review naming Van Lee as defendant in his individual capacity had no effect on the different and only defendant (Lee's City Drugs) named in the petition. This is both legally and factually incorrect.
First, the September 2, 1999 letter from Lee's counsel to the PCF clearly states:
 RE: GLORIA HOLMES
 VERSUS
 VAN LEE (doing business as Lee's
 City Drugs)
Thus, the petition and the request for review both state the same defendant, namely Van Lee d/b/a Lee's City Drugs. Second, even if the letter to the PCF had named only Van Lee as defendant, it would still be of no avail to appellee's basic premise. La. C.C.P. art. 736 provides that a "person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." A trade name does not have a separate existence apart from the individual doing business under that trade name. Trombley v. Allstate Ins. Co., 93-1669 (La.App. 3rd Cir.6/1/94), 640 So.2d 815. The comment to art. 736 states, "the business being done under a trade name is not a legal entity, and is without procedural capacity or status." Van Lee and Van Lee d/b/a Lee's City Drugs are one and the same. Van Lee d/b/a Lee's City Drugs is not a juridical person separate and apart from the natural person, Van Lee. Accordingly, Lee's contention is without merit.
We note that Ms. Holmes filed her claim for a medical review panel with the PCF. The postal return receipt reflects that Ms. Holmes mailed her request for a medical review panel to Cheryl Jackson. It was sent by certified mail and delivered on September 2, 1999, and it was marked as received on September 7. Jackson is the malpractice insurance director of the PCF, although this fact is not indicated on the postal receipt itself. Indeed, the "addressed to" section of the receipt only states:
 Honorable Cheryl Jackson
 P.O. Box 3718
 Baton Rouge, LA 70821
This is the address of the PCF. See Castille v. Our Lady of Lourdes Regional *1237 Medical Center, 96-1476 (La.App. 3d Cir.4/2/97), 692 So.2d 1303.
The final sentence of La. R.S. 40:1299.47(A)(2)(a) states, "Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription." The requirement of filing with the DOA became effective on August 15, 1997, well before the events in this case. See Davis v. Willis-Knighton Medical Center, 32,193 (La.App. 2d Cir.8/18/99), 738 So.2d 1191, writ denied, 99-2712 (La.12/10/99), 751 So.2d 254; Semien v. Pinac, 98-1350 (La.App. 3d Cir.7/7/99), 745 So.2d 632, writ denied, 99-2353 (La.12/10/99), 751 So.2d 254.
The effect on prescription of filing with the PCF rather than the Division of Administration is less clear than it first appears. When the Legislature amended section A(2)(a) concerning filing with the Division of Administration, it did not amend sections A(2)(b) and A(2)(c), which state, with our emphasis added:
(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail.
(c) The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
"Board" means the Patient's Compensation Fund Oversight Board. La. R.S. 40:1299.41(A)(5). Compare La. R.S. 40:1299.39.1 [medical malpractice liability for state services] where all of the subsections refer to the commissioner rather than to the board.
We are mindful of the rules governing the interpretation of laws, particularly La. C.C. art. 9, which provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
La. R.S. 40:1299.47 is ambiguous concerning the place of filing. In section A(2)(a), the legislature states that prescription is not suspended by the filing of a malpractice claim with an agency or entity other than the Division of Administration; however, this section is silent concerning the procedure for filing a request for review of a malpractice claim with the Division of Administration. In contrast, section A(2)(b) specifies that a request for review is "deemed filed" either upon receipt by the "board" or upon mailing when the complaint is sent by certified or registered mail to the "board." The references to the "board" are unquestionably to the PCF, not to the Division of Administration.
Courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Langlois v. East Baton Rouge Parish School Bd., 99-2007 (La.5/16/00), 761 So.2d 504. Further, where there are two permissible interpretations of a prescriptive statute, the courts must adopt the one that favors maintaining rather than barring the action. Bustamento v. Tucker, 607 So.2d 532 (La.1992). Interpreting the statute to allow filing with the PCF to suspend prescription is possible at the risk of reading out the Division of Administration filing requirement, but this interpretation only reads it out in part because filing at a place other than the *1238 PCF or Division of Administration would still not suspend prescription.
Moreover, a policy of not permitting requests for review filed with the board to suspend prescription would lead to absurd consequences. For instance, requests for medical review panels would always be first filed with the Division of Administration before being transferred to the PCF, even though the date on which the request was filed with the Division of Administration would have no effect on prescription. The date the request is deemed filed would still be the date it was received by the PCF, and when it was received by the PCF would be out of the plaintiff's control since the Division of Administration would be responsible for conveying the request to the PCF. Thus, this presents the possibility of a request for review being filed with the Division of Administration on the last day before the claim prescribes, but due to bureaucratic mishaps, the request is not forwarded to the board until after the prescriptive period has expired.
This issue was recently addressed by this court in Patty v. Christus Health Northern Louisiana d/b/a Christus Schumpert, 34,871 (La.App. 2d Cir. 8/22/01), 794 So.2d 124, and Collins v. Sisters of Charity of Incarnate Word, 34,897 (La.App. 2d Cir.8/22/01), 794 So.2d 127. In those consolidated cases, this court reasoned that reading La. R.S. 40:1299.47(A)(2)(a) and (A)(2)(b) together leads to the conclusion that the legislature intended that claims be filed with the Division of Administration through the board. We conclude that within the context of the last sentence of La. R.S. 40:1299.47(A)(2)(a), the PCF does not act as an agency or entity other than the Division of Administration. Therefore, we hold that a request for review is deemed filed with the Division of Administration for purposes of suspension or interruption of prescription on a medical malpractice claim, as set forth in La. R.S. 40:1299.47(A)(2)(a), when it is filed with the board in compliance with La. R.S. 40:1299.47(A)(2)(b).

DECREE
For the above reasons, the judgment of the district court is REVERSED at the cost of appellee and REMANDED back to the trial court for further proceedings.
KOSTELKA, J., concurs with written reasons.
KOSTELKA, J., concurring.
There is nothing ambiguous about the last sentence of La. R.S. 40:1299.47(A)(2)(a). Regardless of the procedure for filing with the "board," the statutory language is clear that with regard to the issue of suspension or interruption of prescription, only a filing with the Division of Administration will suffice. However, there are ambiguities in the overall statute which can only be addressed by the Legislature. This court comes close to legislating in this opinion and in Patty v. Christus Health Northern Louisiana d/b/a Christus Schumpert, 34,871 (La.App. 2d Cir.8/22/01), 794 So.2d 124 and Collins v. Sisters of Charity of Incarnate Word, 34,897 (La.App. 2d Cir.8/22/01), 794 So.2d 127. However, agreeing that where ambiguity exists, the courts should favor maintaining rather than barring an action, I concur.