836 So.2d 512 (2002)
In re Joyce WOODS Applying for Medical Review Panel.
No. 02-CA-685.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
Wanda Anderson Davis, Anderson Davis and Associates, New Orleans, LA, for Plaintiff/Appellant.
Charles F. Gay, Jr., Arthur F. Hickman, Jr., Elisia E. Shofstahl, Adams and Reese, New Orleans, LA, for Defendants/Appellees.
Panel composed of Judges SOL GOTHARD, JAMES L. CANELLA, MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
This is a medical malpractice action. On or about April 11, 2001, plaintiff filed a medical malpractice claim with the Patient's Compensation Fund, alleging that her respiratory condition was not properly evaluated and her thyroid mass was not *513 diagnosed during her treatment by defendants, and that it was not until she was seen at Louisiana State University Medical Center on May 3, 2000 that she was properly diagnosed.
On November 5, 2001, defendants filed an exception of prescription, alleging that plaintiff's claim was not sent to the Division of Administration, as required by statute, and therefore her claim was prescribed.
On May 3, 2002, the trial court granted defendants' exception of prescription and dismissed plaintiff's suit. Plaintiff appeals from that judgment. For the following reasons, we reverse the decision of the trial court and remand the matter for further proceedings.
La. R.S. 9:5628 provides for a one-year prescriptive period for filing medical malpractice actions. La. R.S. 40:1299.47A(2)(a) states that:
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. (Emphasis added.)
The requirement of filing with the Division of Administration became effective on August 15, 1997. Holmes v. Lee, 35,021 (La.App. 2 Cir. 9/28/01), 795 So.2d 1232. The events at issue in this matter occurred after this date.
Despite its actions in amending to La. R.S. 40:1299.47(A)(2)(a), the legislature did not amend La. R.S. 40:1299.47(A)(2)(b) or La. R.S. 40:1299.47(A)(2)(c), which currently provide:
(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail.
(c) The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed. (Emphasis added.)
"Board" means the Patient's Compensation Fund Oversight Board. Holmes v. Lee, supra.
Plaintiff admits that she did not file her request for a medical review panel with the Division of Administration. However, plaintiff alleges that La. R.S. *514 40:1299.47(A)(2)(a), is in direct conflict with La. R.S. 40:1299.47(A)(2)(b), and the filing of the claim with the Patient's Compensation Fund Oversight Board is sufficient to interrupt the running of prescription.
C.C. art. 9 provides that "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." However, in ABL Mgmt., Inc. v. Board of Supervisors, 00-C-0798 (La.11/28/00), 773 So.2d 131 at 135, the Supreme Court stated:
... It is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless. Id. The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. A statute's meaning and intent is determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in its enactment of the statute. Where it is possible, the courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions. Moreover, when a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the statute and will carry out the Legislature's intention. Ultimately, it is clear that the law provides that the statute be accorded a fair and genuine construction. A reasonable construction in light of the statute's purpose is what is required.
Furthermore, where there are two permissible interpretations of a prescriptive statute, the courts must adopt the one that favors maintaining rather than barring the action. Holmes v. Lee, supra, citing Bustamento v. Tucker, 607 So.2d 532 (La.1992).
The conflict between the two provisions of La. R.S. 40:1299.47(A) was addressed in the cases of Patty v. Christus Health Northern La., 34,871 (La.App. 2 Cir. 8/22/01), 794 So.2d 124, and Collins v. Sisters of Charity, 34,897 (La.App. 2 Cir. 8/22/01), 794 So.2d 127:
Clearly, the legislature intended that a request for review be filed with the Division of Administration rather than with the Board as a wholly separate entity. A review of the legislative history shows that the original wording of Act 664 of 1997 specifically directed that requests for review be filed with the PCF (the Board), but a Senate floor amendment changed the filing agency from the PCF to the Division of Administration. Focusing solely upon this change, it can be argued that the legislature intended that claims be filed with the Division of Administration instead of the Board; however, reading the change together with the next provision reasonably leads to the conclusion that the legislature intended that claims be filed with the Division of Administration through the *515 Board. Although the intent behind the language change is not clear, it may be that while the legislature wanted all malpractice claims, those against private health care providers as well as state providers, to be filed "with" the Division of Administration for purposes of suspending or interrupting prescription, the legislature desired the filing to be physically accomplished by sending the claims directly to those charged with the responsibility for processing them. In the case of claims against state health care providers, this is the Commissioner of Administration. La. R.S. 40:1299.39.1(A)(3). In the case of private health care providers, this is the Board. La. R.S. 40:1299.47(A)(3).
This interpretation of the statutory language does not lead to absurd results, but harmonizes the provisions of Subsection (A)(2)(a) with those of Subsection (A)(2)(b) of La. R.S. 40:1299.47. Furthermore, filing a request for review by sending it directly to the Board makes practical sense considering that the Board is charged with the duty of acting upon the claim within 15 days of receipt. La. R.S. 40:1299.47(A)(3). Finally, we note that nothing in the law suggests that the Board is so unconnected with the Division of Administration that it cannot reasonably be deemed to act on behalf of the Division of Administration in receiving requests for review.
Patty v. Christus Health Northern La., supra at page 126.
The Second Circuit found that prescription was suspended or interrupted when a request for review of a malpractice claim is received by or mailed to either the Division of Administration or the Patient's Compensation Fund Oversight Board.
The Second Circuit then revisited the issue in the case of Holmes v. Lee, supra at page 1237-8:
Interpreting the Statute to allow filing with the PCF to suspend prescription is possible at the risk of reading out the Division of Administration filing requirement, but this interpretation only reads it out in part because filing at a place other than the PCF or the Division of Administration would still not suspend prescription.
In granting defendants' exception of prescription, the trial court in this matter concluded that the Second Circuit cases cited above were erroneous. We disagree. We believe that this interpretation of the statutes gives effect to all the provisions of the statute, and we follow it in this case. We therefore find that the trial court erred in granting defendants' exception of prescription.
For the reasons discussed above, the trial court's decision granting the exception of prescription is reversed and this matter is remanded for further proceedings. All costs are assessed against appellees.
REVERSED AND REMANDED.
ROTHSCHILD, J., dissents with reasons.
ROTHSCHILD, J., dissenting with reasons.
By Act 664 of 1997, the Louisiana legislature amended La. R.S. 40:1299.47(A)(2)(a) to specifically provide that filing a request for a medical malpractice claim with any agency or entity other than the Division of Administration would not suspend the running of prescription set forth in La. R.S. 9:5628. This statute became effective on August 15, 1997.
The legislative history of this Act is contained in the record, and notes that the amendment provides a change in the law, that the purpose of the change was for *516 purposes of uniformity, and that pursuant to the amendment, both private and state medical malpractice actions must be filed with the Division of Administration. Plaintiff alleges that she discovered defendants' alleged malpractice in May of 2000 and the record shows that she filed a medical malpractice claim with the Patient's Compensation Fund in April of 2001. Defendants filed this exception of prescription on November 5, 2001, and plaintiff forwarded her claim to the Division of Administration on November 13, 2001.
In holding that the filing of the claim with the PCF suspended prescription of plaintiff's claim, the majority relies on cases rendered by our colleagues on the Second Circuit. After a review of the statute as amended, the applicable jurisprudence, and the record before this Court, I find that the reasoning relied on by the majority completely thwarts the clear intention of the legislature in amending the statute to provide uniformity in the filing of malpractice claims. The holding of the Second Circuit and of the majority opinion in this case which allows claims filed with the PCF to suspend prescription applies this statute as if the 1997 amendment does not exist.
In light of the clear intent of the legislature in enacting this amendment, I believe that the majority erred in relying on subsequent provisions of the statute which refer to the "board" for support that a claim filed with the PCF is sufficient to interrupt prescription. In my view, this interpretation of the amended statute completely reads out of the law the express requirement that malpractice claims be filed with the Division of Administration only. Based on testimony in the record that the Division of Administration and the PCF are completely distinct entities, the majority's interpretation of the statute will lead to absurd consequences of uncertainty in filing claims, a situation that the legislature tried to avoid by the 1997 amendment.
The amendment to the statute was effective for over three years at the time plaintiff filed her claim with the Patient's Compensation Fund. This is not a case where an application of the amendment as written unreasonably deprives plaintiff of her rights. For these reasons, I believe that plaintiff's malpractice claim, which was not filed with the Division of Administration within one year from the date plaintiff discovered the alleged malpractice, has prescribed. In my opinion, the trial court did not err in granting defendants' exception of prescription on this basis, and the judgment appealed from should be affirmed.