# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-820

**MARY FRANCES HOWARD**

**VERSUS**

**MAMOU HEALTH RESOURCES D/B/A**
**SAVOY MEDICAL CENTER, ET AL**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE**
**THIRTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF EVANGELINE, DOCKET NO. 71975-B**
**HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell and J. David Painter, Judges.

**AFFIRMED.**

J. Peyton Parker, Jr.
P.O. Box 80598
Baton Rouge, LA  70898
(225) 366-6436
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Mary Francis Howard

Nadia de la Houssaye
Jones Walker
600 Jefferson Street
P.O. Box 3408
Lafayette, LA  70502-2408
(337) 593-7400
**ATTORNEY FOR DEFENDANT/APPELLEE**
    The Louisiana Patient's Compensation Fund

**COOKS, Judge.**

Plaintiff appeals the trial court's grant of Defendant's exceptions of prescription and no cause of action, dismissing Plaintiff's claims with prejudice. Finding no error in the trial court judgment, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 22, 2010, Plaintiff, Mary Frances Howard, filed a petition for damages in district court against Mamou Health Resources, Inc. d/b/a Savoy Medical Center. In the petition it was alleged that on August 26, 2010, "an employee of the defendant's facility attacked petitioner, Mary Frances Howard, and beat her either with her fist or an unknown instrument on her face, head, and entire body causing severe injuries . . ." There was no mention in the petition of any medical malpractice claim.

The petition was amended on November 8, 2010, to add MH3F Healthcare management, LLC, d/b/a Savoy Care Center; Columbia Casualty Company; and Christine Freeman (the employee who allegedly attacked Plaintiff) as named defendants. There was again no mention in the amended petition of any medical malpractice claim.

On September 8, 2011, Plaintiff settled her claims with the above-named Defendants. On October 31, 2011, Plaintiff filed a Petition for Approval of Settlement of Medical Malpractice with the district court, along with a proposed Order, which the district court granted on November 4, 2011. The Louisiana Patient's Compensation Fund (PCF) maintained it was not aware of the filing because the petition was not served on the PCF until November 7, 2011, which was after the district court's grant of the Order.

On January 23, 2012, Plaintiff filed a Supplemental Petition, naming the PCF as a defendant. In response, on March 2, 2012, the PCF filed an Exception of Prescription and No Cause of Action. The PCF contended Plaintiff's claim under

the Medical Malpractice Act (MMA) prescribed because Plaintiff did not file a claim with the PCF within one year from the date of the alleged malpractice as required by La.R.S. 40:1299.47. The PCF also maintained Plaintiff failed to serve it with a copy of the Petition of Approval of Settlement ten days prior to its filing as is mandated by La.R.S. 40:1299.44(C).

After a hearing, the trial court granted the PCF's exceptions finding (1) Plaintiff's claim for medical malpractice pursuant to the MMA prescribed because of her failure to file a claim with the Division of Administration/PCF within one year from the date of the alleged malpractice; and (2) Plaintiff has no cause of action against the PCF because Plaintiff failed to serve the PCF with the Petition for Approval of Settlement prior to the execution of the judgment of dismissal. Therefore, Plaintiff' claims against the PCF were dismissed with prejudice.

Plaintiff appealed, asserting the trial court erred in granting both the exception of prescription and the exception of no cause of action.

## ANALYSIS

### I.    *Exception of Prescription.*

In her first assignment of error, Plaintiff argues the trial court erred in granting the PCF's peremptory exception of prescription. For the following reasons, we affirm the granting of the exception.

In granting the PCF's exception of prescription, the trial court found the Louisiana Supreme Court case of *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226, controlling. The issue before the court in *LeBreton* was whether or not filing a suit in the district court suspends the requirement that a malpractice claim must be filed with the Division of Administration within one year. The supreme court held the filing of suit against a qualified health care provider in the district court neither suspends nor interrupts the one-year prescriptive period for filing medical malpractice claims. Accordingly, the PCF argues a claim is

3

prescribed under the MMA if a plaintiff fails to first submit her claim to the Division of Administration even if suit was timely filed in district court.

Louisiana Revised Statutes 40:1299.47(B)(1)(a)(i) provides "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." As the court noted in *LeBreton*:

> If a medical review panel is timely confected, La.R.S. 40:1299.47(A)(2)(a) complements La.R.S. 40:1299.47(B)(1)(a)(i) by specially providing that "[t]he filing of the request for a review of a claim shall *suspend* the time within which suit must be instituted, . . . until ninety days following notification . . . to the claimant or his attorney of the issuance of the opinion by the medical review panel . . ."

*Id*. at 1230 (emphasis added)

In the present case, the record establishes no claim nor request for a medical review panel was ever filed with the Division of Administration as required by the MMA. Plaintiff failed to take the necessary steps required to suspend the running of prescription on any potential claim. As stated in *LeBreton*, filing a request for review of any malpractice claim with any other entity other than the Division of Administration does not suspend or interrupt the running of prescription. Plaintiff's filing of her lawsuit in the district court did not alter the prescriptive period on any potential medical malpractice claim.

Plaintiff argues the present case is different than *LeBreton* and its progeny because it did not initially involve a claim for medical malpractice and that "Plaintiff agreed to convert her damages to a medical malpractice claim by way of arbitration reserving her rights against the [PCF]." However, as the PCF notes, there is no mechanism within the MMA that allows a plaintiff to convert her damages to a medical malpractice claim by way of arbitration. Under La.R.S. 40:1299.47(B)(1)(a)(i), the only mechanism within the MMA for a plaintiff to pursue a medical malpractice claim against a qualified health care provider and to

4

reserve those rights against the PCF is with the timely filing of a claim with the Division of Administration. Plaintiff failed to do this. Therefore, the trial court did not err in granting the PCF's exception of prescription.

## II. Exception of No Cause of Action.[1]

In her second assignment of error, Plaintiff contends the trial court erred in granting the PCF's exception of no cause of action because of Plaintiff's alleged failure to comply with the applicable statutory requirements. Louisiana Revised Statutes 40:1299.44(C) provides if the insurer of a health care provider has agreed to settle its liability and the claimant is seeking excess damages from the PCF, the procedure set forth "must be followed":

> (1) A petition shall be filed by the claimant with the court in which the action is pending against the health care provider, if none is pending in the parish where plaintiff or defendant is domiciled seeking (a) approval of an agreed settlement, if any, and/or (b) demanding payment of damages from the patient's compensation fund.

> (2) A copy of the petition shall be served on the board, the health care provider and his insurer, at least ten days before filing and shall contain sufficient information to inform the other parties about the nature of the claim and the additional amount demanded.

In *Horil v. Scheinhorn*, 95-967 (La. 11/27/95), 663 So.2d 697, the Louisiana Supreme Court discussed the consequences of a claimant's failure to follow the mandatory procedure set forth in La.R.S. 40:1299.44(C). In *Horil,* the court stated failure to strictly comply with the provision requiring service of a copy of the petition seeking approval of the settlement "at least ten days before filing" warranted dismissal of the claim for excess damages against the PCF. *Id.* at 700. Specifically, the *Horil* court found the plaintiff had failed to state a cause of action as a consequence of his failure to comply with the statutory procedure.

---

[1] Although our affirmance of the trial court's ruling that Plaintiff's malpractice claim prescribed necessarily renders moot this assignment of error, we elect to discuss the issue raised only because the trial court proceeded to rule on it and we wish to explain why Plaintiff is unable to breathe life into a "dead" claim by relying on a second faulty interpretation of the Medical Malpractice Act and its mandatory requirements.

5

In the present case, Plaintiff filed a Petition for Approval of Settlement of Medical Malpractice (which La.R.S. 40:1299.44(C)(1) requires) with the district court on October 31, 2011. However, Plaintiff did not serve the PCF with a copy of that petition "at least ten days before filing," as mandated by La.R.S. 40:1299.44(C)(2). When the district court granted the petition and signed the accompanying order on November 4, 2011, the PCF still had not been served. It was not until November 7, 2011, that the PCF was served by Plaintiff. This is in direct violation of the requirements imposed by La.R.S. 40:1299.44(C).

A study of the jurisprudence interpreting La.R.S. 40:1299.44(C) clearly establishes a medical malpractice claimant seeking recovery from the PCF is unquestionably subject to the notice requirements set forth in La.R.S. 40:1299.44(C) if he or she has settled with a covered health care provider for $100,000 prior to trial. *Horil*, 663 So.2d 697; *Castille v. Our Lady of Lourdes Regional Medical Center*, 96-1476 (La.App. 3 Cir. 4/2/97), 692 So.2d 1303; *Williams v. O'Neill*, 99-2575 (La.App. 4 Cir. 3/13/02), 813 So.2d 548, *writ denied*, 02-1029 (La. 5/24/02), 816 So.2d 859. Finding Plaintiff failed to provide notice as required, the trial court correctly granted the PCF's exception of no cause of action.

## DECREE

For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant, Mary Frances Howard.

**AFFIRMED.**

6