Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,616-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RAYMOND CROWLEY                          Plaintiff-Appellant

versus

CAESAR ROJAS DBA ROJAS                   Defendant-Appellee
PAINT

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-W
Parish of Caddo, Louisiana
Trial Court No. 21-02580

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

THE SMITH LAW OFFICE, LLC            Counsel for Appellant
By: Eskridge E. Smith, Jr.

ANZELMO LAW                          Counsel for Appellee
By: Donald J. Anzelmo

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**PITMAN, C. J**.

Plaintiff-Appellant Raymond Crowley appeals the Workers'
Compensation Judge's (the "WCJ") granting of Defendant-Appellee Cesar
Rojas's[1] peremptory exception of prescription. For the following reasons,
we reverse and remand for further proceedings.

## FACTS

On May 12, 2021, Crowley filed a disputed claim for compensation.
He stated that he was employed as a general laborer by Cesar Rojas d/b/a
Rojas Paint. He alleged that he fractured his ankle, which required surgery,
in September 2020 when he and Rojas were cutting a tree on Rojas's
property. He stated that he had not been provided medical treatment and
contended that penalties and attorney fees were due to him.

On June 25, 2021, Cesar Rojas d/b/a Rojas Paint filed an answer
denying that it employed Crowley at the time of the alleged injury or that
Crowley was performing services arising out of and in the course of his
employment at the time of the alleged injury. It denied that Crowley was
temporarily or permanently disabled, that he sustained an injury resulting in
a loss of earning capacity and that he is entitled to rehabilitation services.

On October 25, 2021, Crowley filed a supplemental and amending
claim for workers' compensation benefits. He contended that if his
employer was not Cesar Rojas d/b/a Rojas Paint, then he was in the employ
of Rojas, individually, such that he was employed either by Cesar Rojas
d/b/a Rojas Paint, an entity owned by Rojas, or he was employed by Rojas,
individually, and had an accident in the course and scope of his employment.

---

[1] In the record, Rojas notes that his first name is spelled Cesar not Caesar.

On August 9, 2022, Crowley filed a request for compromise or lump sum settlement. He named "Rojas Painting, LLC" as the employer and Bridgefield Casualty Insurance Company as the insurer. On August 19, 2022, Crowley, "Rojas Painting, LLC" and Bridgefield filed a joint petition, order and release with reservation of rights. They agreed that Crowley would receive $7,500 in a lump sum and stated that this settlement was limited to Crowley's claims against "Rojas Painting, LLC" and Bridgefield and did not include his claims against Rojas, individually. The WCJ approved the settlement and dismissed the matter with prejudice, with reservation of Crowley's rights against Rojas, individually.

On April 13, 2023, Rojas filed a peremptory exception of prescription. He requested that all claims against him be dismissed because any such claims prescribed after not being brought within one year of the accident at issue. He noted that the alleged accident occurred in September 2020; that on May 3, 2021, Crowley filed the original claim naming Cesar Rojas d/b/a Rojas Paint as the defendant; and that on October 20, 2021, Crowley filed the amended claim to add Rojas, individually, as a defendant.

On May 12, 2023, Crowley filed an opposition to the exception of prescription. He argued that the original claim satisfactorily named Rojas as a defendant, whether as an individual or as a person running a business. In the alternative, he argued that the amended claim was not untimely because it did not add a new party or change the basis for the claim for benefits. He explained that the amendment clarified the status of the defendant and related back to the original claim.

A hearing on the exception was held on June 5, 2023. Counsel for Crowley argued that Crowley had no way to know that he was not working

2

for Cesar Rojas d/b/a Rojas Paint until after Rojas's deposition in September 2021. Counsel for Rojas replied that in its June 2020 answer, it denied that Crowley was employed by Cesar Rojas d/b/a Rojas Paint at the time of the accident, which made Crowley aware during the prescriptive period. The WCJ noted that the original claim only named Cesar Rojas d/b/a Rojas Paint; it did not name Rojas, individually, which is a different defendant. When Crowley's counsel argued that Rojas was on notice with the original claim, the WCJ replied that Rojas was on notice that a claim was made against Cesar Rojas d/b/a Rojas Paint and that he was not on notice that there would be a suit against him individually. The WCJ determined that Rojas, individually, is a different party from Cesar Rojas d/b/a Rojas Paint and granted the exception of prescription.

On June 13, 2023, the WCJ signed an order granting the peremptory exception of prescription. It dismissed all of Crowley's claims against Rojas with prejudice.

Crowley appeals.

## DISCUSSION

Crowley raises several assignments of error to argue that the WCJ erred in granting the exception of prescription and finding that he did not timely file his claim for workers' compensation benefits against Rojas. He contends that the WCJ wrongfully determined that he did not name Rojas, individually, in the original claim and that he named two separate and independent defendants. He argues that the designation of "doing business as" does not create a separate and new defendant and that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are one and the same. He

3

states that the amended claim related back to the original claim and that the original claim timely named Rojas as a defendant.

Rojas argues that the workers' compensation claim prescribed on its face and that Crowley did not prove that prescription had been interrupted. He contends that the WCJ correctly determined that he, individually, was not named as a defendant in the original claim because he is a different party from Cesar Rojas d/b/a Rojas Paint.

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. La. R.S. 23:1209 sets forth the prescriptive period in workers compensation cases and states in pertinent part that:

> A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. La. C.C.P. art. 1153.

The standard of review of a judgment pertaining to an exception of prescription turns on whether evidence is introduced at the hearing of the exception. *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-00061 (La. 10/10/21), 333 So. 3d 368. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Id*. In that case, the reviewing court is simply assessing whether the trial court was legally correct in its finding. *Id*.

4

When evidence is introduced at the hearing, a court need not accept the allegations of the petition as true, and the lower court decisions are to be reviewed under a manifest error-clearly wrong standard of review. *Id.* A caveat to this rule is that, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review and give no deference to the trial court's legal conclusions. *Id.*

La. C.C.P. art. 736 states that "[a] person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." The Official Revision Comment to Article 736 adds:

> It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner. *Rea v. Dow Motor Co.*, 36 So.2d 750, 755-756 (La.App.1948). This results from an excessive liberality of pleading which disregards all of the basic principles of procedure, and will inevitably lead to difficulties. It is regarded as being completely unsound, since the business being done under a trade name is not a legal entity, and is without procedural capacity or status. This article legislatively overrules the *Rea* decision.

A trade name does not have a separate existence apart from the individual doing business under that trade name. *Holmes v. Lee*, 35,021 (La. App. 2 Cir. 9/28/01), 795 So. 2d 1232.

In *Holmes v. Lee*, *supra*, this court reviewed facts similar to those in the case currently before this court. This court stated:

> Lee's counsel points out in his brief that the petition named Van Lee d/b/a Lee's City Drugs as defendant, not Van Lee as an individual, and that "the application to the PCF ... was made based on the malpractice of Van Lee, in the name of Van Lee, and not Van Lee doing business as Lee's City Drugs." Lee contends that because drugstores are not health-care providers under the Malpractice Act, the request for review naming Van Lee as defendant in his individual capacity had no effect on the

different and only defendant (Lee's City Drugs) named in the petition. This is both legally and factually incorrect.

***

Thus, the petition and the request for review both state the same defendant, namely Van Lee d/b/a Lee's City Drugs. Second, even if the letter to the PCF had named only Van Lee as defendant, it would still be of no avail to appellee's basic premise. . . . Van Lee and Van Lee d/b/a Lee's City Drugs are one and the same. Van Lee d/b/a Lee's City Drugs is not a juridical person separate and apart from the natural person, Van Lee. Accordingly, Lee's contention is without merit.

Considering La. C.C.P. art. 736 and *Holmes v. Lee*, *supra*, we find that the WCJ erred in determining that Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are different parties and then granting Rojas's exception of prescription. Rojas, individually, and Cesar Rojas d/b/a Rojas Paint are one and the same. Cesar Rojas d/b/a Rojas Paint is not a juridical person separate and apart from the natural person, Cesar Rojas. The amended petition did not name a new defendant and related back to the date of the filing of the original petition, which was timely filed within the one-year prescriptive period.

Accordingly, this assignment of error has merit. This finding pretermits discussion of Crowley's remaining assignments of error.

**CONCLUSION**

For the foregoing reasons, we reverse the judgment of the WCJ and remand for further proceedings. Costs of this appeal are assessed to Defendant-Appellee Cesar Rojas.

**REVERSED; REMANDED.**

6